UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.

ALEXANDER SANTIAGO,

      Defendant.

No. 2:17-cr-12-01

Hon. Paul L. Maloney
United States District Judge

## PLEA AGREEMENT

This constitutes the plea agreement between Alexander Santiago and the United States Attorney's Office for the Western District of Michigan. The terms of the agreement are as follows:

1.     <u>The Defendant Agrees to Plead Guilty</u>. The Defendant agrees to plead guilty to Count 1 of the Indictment charging the Defendant with theft and aiding and abetting theft from a Federal Firearms Licensee, in violation of Title 18, United States Code, Sections 922(u), 924(i)(1), and 2.

2.     <u>Defendant Understands the Crime</u>. In order for the Defendant to be guilty of violating Title 18, United States Code, Sections 922(u), 924(i)(1), and 2, the following must be true:

    A.     The Defendant took or carried away, or aided and abetted the taking or carrying away;

    B.     One or more firearms in the licensed gun dealer's inventory;

  C. That had been shipped in interstate or foreign commerce;

  D. With the intent to permanently deprive the owner of the firearm; and

  E. The taking occurred from the person or premises of a licensed gun dealer.

The Defendant is pleading guilty because Defendant is guilty of the charge described above.

 3. <u>The Defendant Understands the Penalty.</u> The statutory maximum sentence that the Court can impose for this offense is the following: 10 years' imprisonment; three years of supervised release; not less than one nor more than five years' probation; a fine of $250,000; and a mandatory special assessment of $100.00. The Defendant agrees to pay the special assessment at or before the time of sentencing unless the Defendant affirmatively demonstrates to the Court that he lacks the ability to pay.

 4. <u>Supervised Release Defined.</u> Supervised release is a period of time following imprisonment during which the Defendant will be subject to various restrictions and requirements. The Defendant understands that if he violates one or more of the conditions of any supervised release imposed, he may be returned to prison for all or part of the term of supervised release, which could result in the Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

 5. <u>Mandatory Restitution.</u> The Defendant understands that he will be required to pay full restitution as required by law. The Defendant agrees that the restitution order is not restricted to the amounts alleged in the count to which the Defendant is pleading guilty.

 6. <u>Consent to Proceed Before a United States Magistrate Judge.</u> The Defendant hereby acknowledges the following: that he understands the federal charge against him and the possible penalties; that he desires to enter a plea of guilty pursuant to this plea agreement; that he

has the right to have all proceedings, including the plea hearing, conducted by the United States District Judge assigned to this case; and that a United States Magistrate Judge may conduct the plea hearing with the Defendant's consent and the consent of his attorney and the Assistant United States Attorney.

Understanding these rights, the Defendant freely and voluntarily consents to having a United States Magistrate Judge preside over the guilty plea hearing and gives up his right to proceed before a United States District Judge. The Defendant understands that the United States District Judge will accept or reject the plea, accept or reject the plea agreement, and will impose sentence.

7. Factual Basis of Guilt and Relevant Conduct. The Defendant and the United States Attorney's Office agree and stipulate to the following statement of facts, which need not be proven at the time of the plea or sentencing: On December 9, 2016, the Defendant and Juan Carlos Pereyra went to the Northwoods Trading Post, a federal firearms licensee located in Hancock, Michigan. They browsed around the store and spoke to one of the sales associates about .40 and .45 caliber handguns. At approximately 4 a.m. on December 10, 2016, the Defendant, Pereyra, and another associate returned to the Northwoods Trading Post. The Defendant broke the front door glass with a hatchet, and he and Pereyra entered the store. The Defendant then went to a glass display case housing .40 and .45 caliber handguns, broke the glass with the hatchet, and took three firearms: a Taurus, model PT740, .40 caliber semi-automatic pistol bearing serial number SGZ53239; a Glock, model 22, .40 caliber semi-automatic pistol bearing serial number BBUW321; and a Glock, model 23, .40 caliber semi-automatic pistol bearing serial number AANV903. All of these firearms were manufactured

3

outside the State of Michigan and were part of Northwoods Trading Post's inventory. After taking the firearms from the case, the Defendant, Pereyra, and their associate left the store premises and returned to their Finlandia University dormitory rooms. A later search of the Defendant's dormitory room by Finlandia University security revealed the three firearms described above, along with ammunition. The Defendant took the firearms intending to sell them.

8. The United States Attorney's Office Agrees:

    A. Dismissal of Other Count/Charge. The United States Attorney's Office agrees to move to dismiss Count 2 of the Indictment against the Defendant at the time of sentencing. The Defendant agrees, however, that in determining the sentence the Court may consider the dismissed count in determining the applicable Sentencing Guidelines range, where the sentence should fall within the applicable guidelines range, and the propriety of any departure from the calculated guidelines range. By this agreement the Defendant does not concede that an increased sentence or an upward departure is, in fact, warranted.

    B. Acceptance of Responsibility. The United States Attorney's Office agrees not to oppose the Defendant's request for a two-level reduction of his offense level for acceptance of responsibility under §3E1.1(a) of the Sentencing Guidelines. However, the United States Attorney's Office reserves the right to object to the Defendant's request if it subsequently learns of conduct by the Defendant that is inconsistent with the criteria set forth in the Commentary to Section 3E1.1. Should the Court grant a two-level reduction as provided herein, the Government states that the Defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying it of his intention to enter a guilty plea,

4

thereby permitting the Government to avoid preparing for trial, and hereby moves the Court to grant an additional one-level reduction if the adjusted offense level is 16 or greater.

9. <u>There is No Agreement About the Final Sentencing Guidelines Range</u>. The Defendant and the United States Attorney's Office have no agreement as to the applicable Sentencing Guidelines factors or the appropriate guideline range. Both parties reserve the right to seek any sentence within the statutory maximum, and to argue for any criminal history category and score, offense level, specific offense characteristics, adjustments and departures.

10. <u>Waiver of Constitutional Rights</u>. By pleading guilty, the Defendant gives up the right to persist in a plea of not guilty and the right to a speedy and public trial by jury or by the Court. As a result of the Defendant's guilty plea, there will be no trial. At any trial, whether by jury or by the Court, the Defendant would have had the following rights:

 A. The right to the assistance of counsel, including, if the Defendant could not afford an attorney, the right to have the Court appoint an attorney to represent the Defendant.

 B. The right to be presumed innocent and to have the burden of proof placed on the government to prove the Defendant guilty beyond a reasonable doubt.

 C. The right to confront and cross-examine witnesses against the Defendant.

 D. The right, if the Defendant wished, to testify on the Defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

 E. The right not to be compelled to testify, and, if the Defendant chose not to testify or present evidence, to have that choice not be used against the Defendant.

By pleading guilty, the Defendant also gives up any and all rights to pursue any

affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

11. <u>Waiver of Appeal</u>.

A. <u>Waiver</u>. In exchange for the promises made by the government in entering this plea agreement, the Defendant waives all rights to appeal or collaterally attack the Defendant's conviction, sentence, or any other matter related to this prosecution, except as listed below.

B. <u>Exceptions</u>. The Defendant may appeal or seek collateral relief to raise a claim, if otherwise permitted by law in such a proceeding, on the following grounds:

1. the Defendant's sentence on any count of conviction exceeded the statutory maximum for that count;

2. the Defendant's sentence was based on an unconstitutional factor, such as race, religion, national origin, or gender;

3. the district court incorrectly determined the Sentencing Guidelines range, if the Defendant objected at sentencing on that basis;

4. the Defendant's sentence is above the Sentencing Guidelines range as determined by the court at sentencing and is unreasonable;

5. the guilty plea was involuntary or unknowing;

6. the attorney who represented Defendant during the course of this criminal case provided ineffective assistance of counsel.

If Defendant appeals or seeks collateral relief, he may not present any issue in the proceeding other than those described in this subparagraph.

12. <u>The Court is not a Party to this Agreement</u>. The Defendant understands that the Court is not a party to this agreement and is under no obligation to accept any recommendation by the United States Attorney's Office or the parties regarding the sentence to be imposed. The Defendant further understands that, even if the Court ignores such a recommendation or imposes any sentence up to the maximum established by statute, the Defendant cannot, for that reason, withdraw his guilty plea, and he will remain bound to fulfill all his obligations under this agreement. The Defendant understands that no one – not the prosecutor, the Defendant's attorney, or the Court – can make a binding prediction or promise regarding the sentence the Defendant will receive, except that it will be within the statutory maximum.

13. <u>FOIA Requests.</u> The Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

14. <u>This Agreement is Limited to the Parties</u>. This agreement is limited to the United States Attorney's Office for the Western District of Michigan, and cannot bind any other federal, state or local prosecuting, administrative or regulatory authority. This agreement applies only to crimes committed by the Defendant. This agreement does not apply to or preclude any past, present, or future forfeiture or civil actions.

15. <u>This is the Complete Agreement</u>. This agreement has been entered into by both sides freely, knowingly, and voluntarily, and it incorporates the complete understanding between the parties. No other promises have been made, nor may any additional agreements,

7

understandings or conditions be entered into unless in a writing signed by all parties or on the record in open court.

                                            ANDREW BYERLY BIRGE
                                            Acting United States Attorney

_____        _____
Date                           PAUL D. LOCHNER
                               Assistant United States Attorney

      I have read this agreement and carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. No promises or inducements have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_July 20, 2017_____        _____
Date                           ALEXANDER SANTIAGO
                               Defendant

      I am Alexander Santiago's attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

_July 20, 2017_____        _____
Date                           WILLIAM R. WEISE
                               Attorney for Defendant